**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of **Delaware**
                              (State)

Case number (*if known*): _____ Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Clearside Biomedical, Inc. |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | N/A |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 4 8 – 1 3 0 4 6 5 0 |

4. **Debtor's address**

**Principal place of business**

900 North Point Parkway
Number    Street

Suite 200

Alpharetta            GA      30005
City                  State    ZIP Code

Fulton
County

**Mailing address, if different from principal place of business**

_____
Number      Street

_____
P.O. Box

_____
City            State    ZIP Code

**Location of principal assets, if different from principal place of business**

_____
Number      Street

_____

_____
City            State    ZIP Code

5. **Debtor's website (URL)**    https://www.clearsidebio.com

Debtor  Clearside Biomedical, Inc.
_____        Case number (*if known*)_____
Name

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>3</u>  <u>2</u>  <u>5</u>  <u>4</u>

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply:*

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes. District _____ When _____ Case number _____
                                       MM / DD / YYYY

      District _____ When _____ Case number _____
                                       MM / DD / YYYY

Debtor    Clearside Biomedical, Inc.
_____
Name

Case number (*if known*)_____

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☒ No

☐ Yes.  Debtor _____    Relationship _____

District _____    When _____
MM / DD / YYYY

Case number, if known _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number          Street

_____

_____
City                                      State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

---

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

| Debtor | Clearside Biomedical, Inc. | | Case number (if known) _____ |
|---|---|---|---|
| | Name | | |

| | | | |
|---|---|---|---|
| **15. Estimated assets** | ☐ $0-$50,000 | ☒ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| | | | |
|---|---|---|---|
| **16. Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☒ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| | |
|---|---|
| **17. Declaration and signature of authorized representative of debtor** | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
| | I have been authorized to file this petition on behalf of the debtor. |
| | I have examined the information in this petition and have a reasonable belief that the information is true and correct. |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   11/23/2025
　　　　　　　 MM / DD / YYYY

✖ /s/ George Lasezkay                    George Lasezkay

Signature of authorized representative of debtor          Printed name

Title President and Chief Executive Officer

| | |
|---|---|
| **18. Signature of attorney** | ✖ /s/ Daniel J. DeFranceschi          Date   11/23/2025 |
| | Signature of attorney for debtor          MM / DD / YYYY |

Daniel J. DeFranceschi
Printed name
Richards, Layton & Finger, P.A.
Firm name
920    North King Street
Number    Street

| | | |
|---|---|---|
| Wilmington | DE | 19801 |
| City | State | ZIP Code |

| | |
|---|---|
| 302-651-7700 | defranceschi@rlf.com |
| Contact phone | Email address |

| | |
|---|---|
| 2732 | DE |
| Bar number | State |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CLEARSIDE BIOMEDICAL, INC.,[1] | ) | Case No. 25-_____ (___) |
| | ) | |
| Debtor. | ) | Tax ID:  48-1304650 |
| | ) | |

**Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy Under Chapter 11**

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is 001-3778.

2. The following financial data is the latest available information and refers to the debtor's condition on 06/30/25

    a.  Total assets                                $8,786,646.49

    b.  Total debts (including debts listed in 2.c below)      $64,089,064.62

    c.  Debt securities held by more than 500 holders      N/A

|  |  |  | | Approximate number of holders: |
|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $N/A | N/A |
| secured ☐ | unsecured ☐ | subordinated ☐ | $N/A | N/A |
| secured ☐ | unsecured ☐ | subordinated ☐ | $N/A | N/A |
| secured ☐ | unsecured ☐ | subordinated ☐ | $N/A | N/A |
| secured ☐ | unsecured ☐ | subordinated ☐ | $N/A | N/A |

    d.  Number of shares of preferred stock      0

    e.  Number of shares of common stock      5,233,981[2]

    Comments, if any:

3. Brief description of debtor's business:   Clearside Biomedical, Inc. (the "Debtor") is clinical-stage biopharmaceutical company focused on developing and commercializing innovative therapies to treat serious eye diseases.

4. List of the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor: Bradford T. Whitmore and Stephen Boyd Wiles.[3]

---

[1] The Debtor and the last four digits of its taxpayer identification number are:  Clearside Biomedical, Inc. (7375).  The Debtor's mailing address is 900 North Point Parkway, Suite 200, Alpharetta, Georgia 30005.

[2] The disclosure set forth in this question 2(d) is current as of November 12, 2025.  Unless otherwise noted herein, the Debtor's disclosures set forth herein are current as of November 21, 2025. The Debtor reserves the right to amend such disclosures if additional information becomes available.

[3] The disclosure set forth in this question 4 is current as of August 4, 2025. The Debtor reserves the right to amend such disclosures if additional information becomes available.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CLEARSIDE BIOMEDICAL, INC.,[1] | ) Case No. 25-_____ (___) |
| | ) |
| Debtor. | ) Tax ID: 48-1304650 |
| | ) |

**LIST OF CREDITORS WHO HAVE THE**
**TWENTY (20) LARGEST UNSECURED CLAIMS AND ARE NOT INSIDERS**

   The above-captioned debtor and debtor in possession (the "Debtor") hereby certifies that the Debtor does not have any unsecured creditors. Accordingly, the Debtor has not attached to this Petition a list of creditors who have the twenty (20) largest unsecured claims and are not insiders. The failure of the Debtor to list a claim or list a claim as contingent, unliquidated or disputed does not constitute a waiver of the Debtor's right to contest a claim, including its validity, priority, and/or amount of any such claim.

---

[1] The Debtor and the last four digits of its taxpayer identification number are: Clearside Biomedical, Inc. (7375). The Debtor's mailing address is 900 North Point Parkway, Suite 200, Alpharetta, Georgia 30005.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CLEARSIDE BIOMEDICAL, INC.,[1] | Case No. 25-_____ (___) |
| Debtor. | Tax ID:  48-1304650 |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, Clearside Biomedical, Inc. (the "Debtor"), the debtor and debtor in possession in the above-captioned chapter 11 case, hereby states that it is a publicly traded company.  No individual or entity directly or indirectly owns 10% or more of any class of the Debtor's equity interests

---

[1] The Debtor and the last four digits of its taxpayer identification number are:  Clearside Biomedical, Inc. (7375).  The Debtor's mailing address is 900 North Point Parkway, Suite 200, Alpharetta, Georgia 30005.

---

**Fill in this information to identify the case:**

Debtor name: <u>Clearside Biomedical, Inc.</u>

United States Bankruptcy Court for the: <u>District of Delaware</u>

(State)

Case number (*If known*): _____

---

## Official Form 202

### Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐ Schedule H: Codebtors (Official Form 206H)

☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐ Amended Schedule ____

☑ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☑ Other document that requires a declaration <u>Statement of Corporate Ownership</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>11/23/2025</u>       **X**  <u>/s/ George Lasezkay</u>
        MM / DD / YYYY               Signature of individual signing on behalf of debtor

                        <u>George Lasezkay</u>
                        Printed name

                        <u>President and Chief Executive Officer</u>
                        Position or relationship to debtor

# CLEARSIDE BIOMEDICAL, INC.

## SECRETARY'S CERTIFICATE

### November 23, 2025

I, Charles A. Deignan, in my capacity as the Secretary of Clearside Biomedical, Inc. (the "Company"), hereby certify, on behalf of the Company and not in my individual capacity, as follows:

1.      I am the duly elected and qualified Secretary of the Company, and am authorized to execute this Secretary's Certificate on behalf of the Company.

2.      Attached hereto as **Exhibit A** are the resolutions duly adopted by the board of directors of the Company (the "Board of Directors") on November 23, 2025.  Said resolutions have not been amended, modified, supplemented, annulled, revoked or rescinded by any resolution since their adoption and are in full force and effect as of the date hereof.  Said resolutions are the only resolutions adopted by the Board of Directors or by any committee of or designated by the Board of Directors relating to the matters in the resolutions attached hereto as **Exhibit A**.  Each director who was present at the meeting described above was, at the time of such meeting or written consent duly elected or appointed, qualified and acting as a director.

*[Signature page follows]*

**IN WITNESS WHEREOF**, in my capacity as Secretary of the Company, I have hereunto signed my name to this Secretary's Certificate on behalf of the Company, and not in my individual capacity, as of the date first set forth above.

By: /s/ *Charles A. Deignan*

Name:  Charles A. Deignan
Title:  Chief Financial Officer and Secretary

I, George Lasezkay, in my capacity as President and Chief Executive Officer of the Company, do hereby certify on behalf of the Company, and not in my individual capacity, that Charles A. Deignan is, on the date hereof, the duly elected or appointed, qualified, and acting Secretary of the Company and the signature set forth above is his genuine signature.

By: /s/ *George Lasezkay*

Name:  George Lasezkay, PharmD, JD
Title:  President and Chief Executive Officer

<u>**EXHIBIT A**</u>
**RESOLUTIONS OF THE BOARD OF DIRECTORS**

Pursuant to Section 144 of the General Corporation Law of the State of Delaware, as amended, the Board of Directors (the "***Board***") of Clearside Biomedical, Inc., a Delaware corporation (the "***Company***"), has consented to the adoption of the following resolutions (the "***Resolutions***") and to the taking of the corporate action set forth therein:

**APPROVAL OF CHAPTER 11 FILING**

WHEREAS, the Board's strategic committee (the "***Strategic Committee***"), acting within the scope of its authority granted by the Board, was tasked with commencing and overseeing a strategic review process to evaluate and negotiate potential strategic alternatives with the objective of maximizing the value of the Company and its assets for the benefit of all stakeholders;

WHEREAS, the Board held a duly called meeting on November 23, 2025 to consider the matters set forth herein;

WHEREAS, the Board has (a) reviewed and considered the materials presented by the Company's financial and other advisors regarding the Company's financial condition, including its liabilities and liquidity position, the strategic alternatives available to it, and the impact of the foregoing on the Company's business and (b) had the opportunity to consult with the Company's management, the Strategic Committee, and the Company's legal and financial advisors and to fully consider each of the strategic alternatives available to the Company; and

WHEREAS, having considered the advice of the Strategic Committee and the Company's other advisors, the Board has determined, in its business judgment, that it is desirable and in the best interests of the Company and its stakeholders for the Company to file a voluntary petition under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "***Bankruptcy Code***").

NOW, THEREFORE, BE IT RESOLVED, that in the business judgment of the Board, it is desirable and in the best interests of the Company and its stakeholders, as well as its creditors, and other interested parties that the Company file or cause the filing of a voluntary petition for relief under the provisions of chapter 11 of the Bankruptcy Code (a "***Chapter 11 Case***") in the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***"); and it is

RESOLVED FURTHER, that the Board consents to, authorizes, approves and ratifies in all respects the Company's filing, or causing to be filed, a Chapter 11 Case in the Bankruptcy Court and performing any and all acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing; and it is

RESOLVED FURTHER, that George Lasezkay, the Chief Executive Officer, and Charlie Deignan, the Chief Financial Officer, or any other duly appointed officer of the Company as deemed necessary and appropriate (collectively, the "***Authorized Officers***"), with power of delegation, are hereby authorized to execute, verify, and file or cause to be filed and/or executed or verified on behalf of the Company all necessary documents, including, without limitation, all petitions, affidavits, declarations, schedules, lists and other motions, papers, or documents, and to take any and all actions that they deem necessary or proper to obtain necessary or desired relief in connection with the Chapter 11 Case; and it is

RESOLVED FURTHER, that all acts lawfully done or actions lawfully taken by any Authorized Officer to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code or in connection with the Chapter 11 Case or any matter related thereto, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company; and it is

**RESOLVED FURTHER**, that the law firm of Cooley LLP be, and hereby is, employed under a general retainer to render legal services to, and to represent, the Company as lead bankruptcy counsel in connection with the Chapter 11 Case and any other related matters in connection therewith on such terms as any Authorized Officer shall approve; and it is

**RESOLVED FURTHER**, that the law firm of Richards, Layton & Finger, P.A. be, and hereby is, employed under a general retainer to render legal services to, and to represent, the Company as Delaware bankruptcy counsel in connection with the Chapter 11 Case and any other related matters in connection therewith on such terms as any Authorized Officer shall approve; and it is

**RESOLVED FURTHER**, that the firm of Berkeley Research Group be, and hereby is employed to render financial advisory services to, and to represent, the Company as financial advisor in connection with the Chapter 11 Case and any other matters in connection therewith on such terms as any Authorized Officer shall approve;

**RESOLVED FURTHER**, that the firm of Epiq Corporate Restructuring, LLC be, and hereby is employed to (i) render noticing and claims agent services, and (ii) assist in the preparation of the Company's statement of financial affairs and schedules of assets and liabilities in connection with the Chapter 11 Case on such terms as any Authorized Officer shall approve;  and it is

**RESOLVED FURTHER**, that each Authorized Officer be, and hereby is, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions that such Authorized Officer deems necessary, proper, or desirable to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or other papers; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professional as necessary; and it is

**RESOLVED FURTHER**, that each Authorized Officer be, and hereby is, authorized, empowered and directed, on behalf of and in the name of the Company, to pay all necessary and reasonable fees and expenses incurred in connection with the transactions contemplated by these Resolutions.

<u>**GENERAL AUTHORIZING RESOLUTIONS**</u>

**RESOLVED FURTHER**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) is hereby individually authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's judgment, shall be necessary, advisable, convenient or desirable in order to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein; and it is

**RESOLVED FURTHER**, that each member of the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing Resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice; and it is

**RESOLVED FURTHER**, that all acts, actions and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing Resolutions except that such acts were taken before the adoption of these Resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate had been specifically authorized in advance by the Resolutions of the Board.